**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                        Case No. 06-CR-199

CHRISTOPHER CUMMINGS,

      Defendant.

_____

# ORDER

This matter comes before the court in connection with requests made by defendant Christopher Cummings which include seeking an extension of time to file a petition under 28 U.S.C. § 2255 and that certain transcripts be made available to him for use in preparing his petition.

A petitioner may only file a motion attacking his sentence under 28 U.S.C. § 2255 within one year of the latest of four events, usually the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255 ¶ 6. Cummings asks this court to toll this date, stating that he may have difficulty obtaining transcripts and filing a timely petition. The court is unable to grant Cummings' request to toll this filing deadline. Section 2255 itself provides no authority for the court to grant an extension of the one-year deadline. However, because the one-year deadline is procedural and not jurisdictional, a late filing may be excused at the time of filing by equitable tolling or estoppel. *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir.1999),

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000). Nevertheless, the court cannot grant a pre-filing extension and is, therefore, obliged to deny Cummings' request.

The other materials Cummings references in his filing do not exist. For example, transcripts have not been prepared for Cummings' sentencing, change of plea, or arraignment hearings. When transcripts have not been prepared, a defendant has a right to have transcripts prepared at the government's expense under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent; and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. See *United States v. McCollum*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection). The court is constrained to deny this request on two grounds: Cummings has not established that the transcripts are necessary for him to prepare his § 2255 petition; and furthermore, Cummings has not filed a § 2255 petition and has no "pending" action as required by § 753.

Accordingly,

**IT IS ORDERED** that Cummings' request for an extension of time to file his § 2255 (Docket #31) petition be and the same is hereby **DENIED**;

-2-

Case 2:06-cr-00199-JPS   Filed 02/01/08   Page 2 of 3   Document 32

**IT IS FURTHER ORDERED** that Cummings' request for transcripts (Docket #31) be and the same are hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 1st day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge