# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

　　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 06-CR-199-JPS

CHRISTOPHER R. CUMMINGS,　　　　　　**ORDER**

　　　　　　　　　　　Defendant.

On November 21, 2017, defendant Christopher R. Cummings ("Cummings") filed a motion, *pro se*, requesting that this Court issue a post-sentencing recommendation to the Federal Bureau of Prisons ("BOP") concerning the amount of community confinement time he should receive under 18 U.S.C. § 3624(c). (Docket #37). On December 6, 2017, the government filed a response opposing Cummings' motion. (Docket #39). On January 4, 2018, the U.S. Probation Office filed a sealed memorandum providing the Court with more context for Cummings' request. (Docket #43). Cummings filed a reply in support of his motion. (Docket #42).

After serving a long sentence in federal prison for cocaine distribution, Cummings is scheduled to be released from his term of imprisonment in February 2019. *See* (Docket # 39 at 1-2). Prior to his release, BOP will determine if and when he should be placed a federal halfway house (community confinement) to serve the remainder of his sentence. *Id.* Cummings asks this Court to review records from this his time in prison, including his conduct record, and make a recommendation to BOP that Cummings be placed in a halfway house for the final year of his sentence.

(Docket #37). He explains that, after spending more than ten years in prison, he will need help adjusting to life outside of a prison, and he believes that placement in community confinement for a year will ease his successful transition back into society. (Docket #42 at 4-5).

Title 18 Section 3621(b) of the United States Code provides that the BOP has discretion to place an inmate into "any available penal or correctional facility," including community confinement, and to "direct the transfer of an inmate from one penal correctional facility to another" "at any time." In making its placement determination, the BOP must consider, among other things, "any statement by the court that imposed the sentence . . . concerning the purposes for which the sentence to imprisonment was determined to be warranted [or] recommending a type of penal or correctional facility as appropriate[.]" 18 U.S.C. § 3621(b)(4).

Title 18 Section 3624(c) of the United States Code, on the other hand, discusses the placement of a prisoner during the final portion of his sentence:

> The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Section 3624 says nothing about the authority of the sentencing court to influence the decision of the BOP regarding a prisoner's placement in the final months of his term of imprisonment.

Therefore, as the government points out in its opposition brief, *see* (Docket #39 at 3), the Court's authority to make a recommendation *at the*

*time of sentencing* regarding Cummings' placement is clear, but the Court's authority to make such a recommendation after sentencing is less so. Even if the Court were to find that it has the authority to make a recommendation to BOP regarding a prisoner's final months of confinement, the Court would decline to do so in this case.

Congress has entrusted decisions under Section 3624(c)(1) regarding placement at the end of a prisoner's sentence to the BOP, and rightly so. As a prisoner's term of imprisonment draws to a close, the BOP is better suited than the Court to assess the question of placement, given the particular circumstances of the prisoner and the available resources within BOP. That is especially true in this case, where more than ten years have passed since this Court imposed a sentence.

The records Cummings provided to the Court indicate that he has used his time in prison wisely, developing viable skills for post-incarceration employment and completing the 500-hour Residential Drug Treatment Program. Based on these indicia of future success, the BOP may determine that Cummings is a good candidate for placement in community confinement during the final months of his sentence. But that is a decision the Court will leave to BOP.

Accordingly,

**IT IS ORDERED** that Defendant's motion for a post-sentencing recommendation to the Federal Bureau of Prisons (Docket #37) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge